# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK GAINES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1686** |
| **GREGORY LONGINO** | **SECTION "I"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I. Factual and Procedural Background

The petitioner, Derrick Gaines ("Gaines"), is a convicted inmate incarcerated in the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana.[2] Gaines filed the captioned petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his current detention after a parole revocation related to his 1991 Orleans Parish conviction for armed robbery. Gaines did not submit a filing fee or an application to proceed *in forma pauperis* with his complaint.

### II. Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a petitioner's claim for failure to prosecute or for failure to comply with the

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1.

Federal Rules of Civil Procedure or any order of the court. *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987). A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the petitioner, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976). "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

In this case, the petitioner is without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotes omitted); *Birl*, 660 F.2d at 593.

### III. <u>Analysis</u>

As indicated above, Gaines petition was submitted without a filing fee or a request from him to be given leave to proceed *in forma pauperis*. By notice dated July 23, 2014, the Clerk of Court

notified Gaines that he was required to either pay the $5.00 filing fee or complete a certified pauper application.[3] The Clerk of Court mailed this notice to the plaintiff at the St. Tammany Parish Jail address he provided on the petition. This notice was returned in the mail marked "return to sender" and "no longer in this facility."[4]

The Clerk of Court contacted the jail and was advised that Gaines had been transferred to RCC.[5] The Clerk of Court mailed a second notice of deficiency to Gaines at RCC on August 4, 2014, which required Gaines to submit the $5.00 filing fee or completed pauper application within twenty-one (21) days of the date of the notice.[6] The envelope containing this notice has not been returned as undeliverable, and no response from the petitioner has been received.[7]

Gaines also has not notified the Clerk's Office or the Court that his address has changed. All litigants are obligated to keep the Court advised of any address change. Local Rules 11.1 and 41.3.1. In accordance with L.R. 41.3.1, Gaines's failure to provide his current address within 35 days of the Clerk of Court's mail having been returned is cause for dismissal of his complaint for failure to prosecute.

Affording Gaines one additional opportunity, the undersigned issued a Rule to Show Cause on August 25, 2014, directing Gaines to show cause in writing by September 15, 2014, why this case should not be dismissed for failure to pay the filing fee or submit a completed pauper application

---

[3]Rec. Doc. No. 2.

[4]Rec. Doc. No. 3.

[5]Rec. Doc. No. 4.

[6]Rec. Doc. No. 5.

[7]The copy sent to Gaines at the St. Tammany Parish Jail was returned. Rec. Doc. No. 7.

and for failure to provide a current address. Gaines has not responded to the Court's order and the envelope containing the order has not been returned as undelivered.

The notices of deficiency and this Court's order were mailed to Gaines at the address he provided to the Clerk of Court and at his current facility. He has not provided the filing fee or pauper application required to prosecute his case. Accordingly, dismissal of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute.

In addition, this petition is Gaines second federal habeas petition challenging his 1991 conviction.[8] The instant petition is a prohibited second or successive petition under 28 U.S.C. § 2244. Before it can be addressed by this Court, the petitioner must obtain authorization to file a second or successive petition from the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains authorization from the United States Fifth Circuit Court of Appeals, this Court is without jurisdiction to proceed. Thus, even if Gaines were to pay the fee or be given leave to proceed as a pauper, the petition would be dismissed for that reason. 28 U.S.C. § 2244(a), (b).

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Gaines's petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

---

[8]Civ. Action 98-1385"LLM."

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[9]

New Orleans, Louisiana, this 30th day of September, 2014.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[9]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.